FILED

2021 Aug-26  AM 11:17
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOSEPH MESSINA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO:** |
| | ) | |
| **TITLEMAX OF ALABAMA, INC.;** | ) | |
| **MVCONNECT, LLC;** | ) | |
| **ALLSTAR RECOVERY, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S COMPLAINT

**COMES NOW** the Plaintiff Joseph Messina in the above-styled cause and for his Complaint against the Defendants states the following:

## PARTIES

1. The Plaintiff, Joseph Messina, is a resident and citizen of the state of Alabama, Shelby County, and is over the age of twenty-one (21) years.

2. The Defendant, TitleMax of Alabama, Inc. ("TitleMax"), is a domestic corporation and was, in all respects and at all times relevant herein, doing business in the state of Alabama, and is registered to do business in Alabama.

3. The Defendant, MVConnect, LLC d/b/a MVTrac ("MVTrac"), is a foreign entity

1

and was, in all respects and at all times relevant herein, doing business in the state of Alabama.  The Defendant is engaged in the business of collecting consumer debts by using non-judicial self-help action in the repossession of automobiles from consumers residing in Shelby County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).  Upon information and belief, the original debt was a consumer debt and incurred primarily for personal, family, or household purposes.

4.      The Defendant, Allstar Recovery, LLC ("Allstar Recovery"), is a foreign entity and was, in all respects and at all times relevant herein, doing business in the state of Alabama.  The Defendant is engaged in the business of collecting consumer debts by using non-judicial self-help action in the repossession of automobiles from consumers residing in Shelby County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).  Upon information and belief, the original debt was a consumer debt and incurred primarily for personal, family, or household purposes.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331, and § 1367. Venue is proper in that the Defendants transacted business here and the Plaintiff resides here.

## FACTUAL ALLEGATIONS

6.   On or about December 18, 2019, Plaintiff purchased a 2000 Jeep Cherokee, VIN 1J4FT48S3YL151496, ("the Vehicle") from Buddy's Towing and Recovery in Gadsden, Alabama.

7.   Plaintiff purchased the Vehicle with cash and did not finance the purchase.

8.   Plaintiff was the lawful owner of the Vehicle, had lawful possession, and the Vehicle was not encumbered with any liens or other security interests.

9.   Upon information and belief, Defendant TitleMax contracted with Defendant MVTrac and Defendant Allstar Recovery to take possession of the Vehicle based on an alleged security interest with a previous owner.

10.  On July 31, 2021, Defendants took physical possession of the Vehicle from Plaintiff in Birmingham, Alabama.

11.  Plaintiff contacted the Birmingham Police Department and reported the Vehicle as stolen.

12.  An officer was dispatched, investigated the claim, and determined that the Vehicle had been taken by Defendants due to an alleged security interest with a previous owner.

13.  Upon information and belief, the officer communicated with Defendant TitleMax and Defendant TitleMax agreed to return the Vehicle.

14.  Defendants eventually returned the Vehicle on August 2, 2021 at 1:30 AM.

15.    The Defendant Allstar Recover agent refused to take the Vehicle off the truck until Plaintiff executed certain documents and stated he was in lawful possession of the Vehicle until the documents were signed.

16.    Plaintiff declined executing the documents because they contained the previous owner's name.

17.    Plaintiff contacted the Birmingham Police Department for assistance.

18.    An officer was dispatched but did not take action because he considered it a civil matter.

19.    Plaintiff eventually complied with the agent's request due to needing the truck for work.

## <u>COUNT ONE</u>
## <u>NEGLIGENCE CLAIM AGAINST ALL DEFENDANTS</u>

20.    The Plaintiff adopts the factual averments and allegations hereinbefore as if fully set forth herein.

21.    The Defendants were under a duty to implement reasonable procedures in ensuring cars not encumbered by a valid security interest were not repossessed.

22.    The Defendants breached these duties by taking the Vehicle.

23.    As a proximate cause of Defendants' negligence, the Plaintiff was deprived of the Vehicle, missed work, suffered embarrassment, shame, anxiety, metal distress, and other physical and mental damages.

4

## COUNT TWO
## WANTONNESS CLAIM AGAINST ALL DEFENDANTS

24. The Plaintiff adopts the factual averments and allegations hereinbefore as if fully set forth herein.

25. Defendants, with reckless disregard of the natural or probable consequences of its actions, acted in a manner that resulted in the unlawful repossession of the Vehicle.

26. Defendants knew, or should have known, that their actions would likely or probably result in injuries such as those sustained by Plaintiff.

27. As a proximate cause of Defendants' wantonness, the Plaintiff was deprived of the Vehicle, missed work, suffered embarrassment, shame, anxiety, metal distress, and other physical and mental damages..

## COUNT THREE
## CONVERSION CLAIM AGAINST ALL DEFENDANTS

28. The Plaintiff adopts the factual averments and allegations hereinbefore as if fully set forth herein.

29. The Plaintiff was the owner and/or in lawful control of the Vehicle.

30. The Defendants did not have a present and immediate right of possession of the Vehicle at the time of repossession.

31. Without the Plaintiff's consent, the Defendants intentionally deprived the Plaintiff of his rightful possession of the Vehicle.

32. At all times relevant hereto, the Defendants acted with malice, recklessness, and

total and deliberate disregard for the contractual and personal rights of the Plaintiffs.

33.    As a result of the Defendants conduct, the Plaintiff was deprived of the Vehicle, missed work, suffered embarrassment, shame, anxiety, metal distress, and other physical and mental damages.

## COUNT FOUR
## FDCPA CLAIM AGAINST DEFENDANTS MVTRAC AND ALLSTAR RECOVERY

34.    The Plaintiff adopts the factual averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

35.    The Defendant MVTrac and Defendant Allstar Recovery have engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act.

36.    Defendants took non-judicial action to effect dispossession of the Vehicle without a present right of possession in violation of 15 U.S.C. § 1692f(6);

37.    As a result of Defendants' conduct, the Plaintiff was deprived of the Vehicle, missed work, suffered embarrassment, shame, anxiety, metal distress, and other physical and mental damages..

## COUNT FIVE
## INVASION OF PRIVACY AGAINST DEFENDANTS

38.    The Plaintiff adopts the factual averments and allegations of all the above

paragraphs hereinbefore as if fully set forth herein.

39.   Congress explicitly recognized a consumer's inherent right to privacy in collection

matters in passing the FDCPA, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal
> bankruptcies, to marital instability, to the loss of jobs, **and to
> invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

40.   The Defendants undertook and/or directed actions to the Plaintiff constituting an

invasion of privacy, as set out and described in the common law of the State of

Alabama.  Said actions were made in disregard for Plaintiff's right to privacy.

41.   Said invasions were intentional, willful, and malicious, and violated the Plaintiff's

privacy.  The Plaintiff avers that the actions and communications were made by

individuals who were the employees of and/or acting on behalf of Defendants.

42.   Said communications constitute the wrongful intrusion into Plaintiff's solitude and

seclusion.

43.   As a result of Defendant's Conduct, the Plaintiff was deprived of the Vehicle,

missed work, suffered embarrassment, shame, anxiety, metal distress, and other

physical and mental damages..

## AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands a

judgment against the Defendants as follows:

44.    Compensatory and punitive damages against the Defendants;

45.    Remedies available under the FDCPA against Defendants Allstar Recovery and

MVTrac, including statutory damages, costs and attorneys' fees and any other

compensatory damages pursuant to 15 U.S.C.§1692k; and,

46.    Such other and further relief that this Court deems necessary, just and proper.


**<u>PLAINTIFF1 DEMAND TRIAL BY STRUCK JURY</u>**


/S/ JOHN C. HUBBARD
JOHN C. HUBBARD
Attorney for Plaintiffs

**OF COUNSEL:**
**JOHN C. HUBBARD, LLC**
PO Box 953
Birmingham, AL 35201
(205) 378-8121
jch@jchubbardlaw.com