FILED
2021 Oct-21 PM 02:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH MESSINA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:21-CV-01170-AMM |
| TITLEMAX OF ALABAMA, INC.; MVCONNECT, LLC; ALLSTAR RECOVERY, LLC, | § § § § § | |
| Defendants. | § | |

___

**DEFENDANT ALLSTAR RECOVERY, LLC'S PARTIAL MOTION TO DISMISS PURSUANT TO FED. R. CIV. P 12(B)(6)**
___

Defendant Allstar Recovery, LLC ("Allstar") by and through its attorneys, and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves to dismiss particular claims asserted against it in Plaintiff Joseph Messina's ("Plaintiff's") Complaint, with prejudice. In support thereof, Allstar would show unto the Court as follows:

### I.   PRELIMINARY STATEMENT

In this action, Plaintiff seeks to recover compensatory, punitive, and statutory damages against Allstar for allegedly repossessing his vehicle without the right to do so. However, Plaintiff does not allege facts sufficient to establish his claims for

Negligence, Wantonness, or Invasion of Privacy (which he bases on the Federal Debt Collection Practices Act ("FDCPA")).

## II.  BACKGROUND FACTS AND PROCEDURAL HISTORY[1]

This lawsuit arises from the repossession of the a vehicle purchased by Plaintiff on or about December 18, 2019. (Doc. 4, ¶ 6). Plaintiff paid cash for a 2000 Jeep Cherokee, VIN 1J4FT48S3YL151496 (the "Vehicle"). (*Id.* ¶¶ 6-7). In the summer of 2021, TitleMax of Alabama, Inc. ("TitleMax") retained MVCONNECT, LLC ("MVTrac"), who then retained Allstar (collectively, "Defendants") to take possession of the Vehicle based on a security interest. (*Id.* ¶ 9). On or about July 31, 2021, the Vehicle was repossessed. (*Id.* ¶ 10). The Vehicle was returned, and Plaintiff regained possession, on or about August 2, 2021 at 1:30 am. (*Id.* ¶ 14). For the reasons set forth below, Plaintiff's allegations are insufficient to state certain claims.

## III.  LEGAL STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to seek dismissal of a claim if it fails to "state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its

---

[1] Allstar does not admit the truth of the allegations in the First Amended Complaint but they are accepted as true for purposes of this motion to dismiss. *See Chandler v. Secretary of Florida Dept. of Trans.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

2

consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). In order to state a claim for relief, the Federal Rules of Civil Procedure state that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

The United States Supreme Court has made clear that a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")). The complaint must contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). There must be more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." *See id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Furthermore, as it is only facts that must be taken as true, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. It is only then that the

court can view the well pleaded facts, "assume their veracity and…determine whether they plausibly give rise to an entitlement to relief." *Id.*

## IV. ARGUMENTS AND AUTHORITY

Several of Plaintiff's claims against Allstar fail under Rule 12(b)(6) because Plaintiff did not (and cannot) allege any set of facts that would prove Plaintiff is entitled to judicial relief.

### 1. Count One - Negligence Claim

Plaintiff's Complaint fails to plead any facts to support the necessary elements of a claim for negligence against Allstar. With respect to Plaintiff's negligence claim, in Alabama, "[t]he elements of a negligence claim are a duty, a breach of that duty, causation, and damage." *Armstrong Bus. Servs., Inc. v. AmSouth Bank*, 817 So. 2d 665, 679 (Ala. 2001). "It is settled that for one to maintain a negligence action the defendant must have been subject to a legal duty." *Morton v. Prescott,* 564 So. 2d 913, 915 (Ala. 1990).

Here, there are no facts alleged as to the duty Allstar allegedly owed to Plaintiff, how that duty was actually breached, or how the alleged acts of Allstar were the proximate cause of Plaintiff's injury, which he allegedly sustained as a result of debt collection-related activity. Instead, Plaintiff simply alleges that "The Defendants were under a duty…The Defendants breached these duties by taking the Vehicle." (Doc. 4, ¶¶20-21). These allegations fail to plead even the most basic

4

elements of a negligence claim against Allstar, and as a result, the claim should be dismissed.

### 2. Count Two – Wantonness

Plaintiff has failed to adequately plead the requisite facts necessary to support any recovery under a wantonness theory. Wantonness requires proof of the conscious doing of some act or the omissions of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result. *See Alfa Mut. Ins. Co. v. Roush,* 723 So. 2d 1250 (Ala. 1998).

Plaintiff has not alleged any specific injury and has only broadly plead that he had to call the police and that he was deprived of the Vehicle, missed work, suffered embarrassment, shame, anxiety, me[n]tal distress, and unspecified "other physical and mental damages." (Doc. 4, ¶¶ 11, 17, 25). Another Alabama federal court has found strikingly similar general allegations, in a near identical situation, insufficient and a basis for dismissal.[2]

Furthermore, there are no facts, even generally averred, that provide any context or support the idea that Allstar knew, or was even conscious to the fact, that some sort of injury would result. Instead, there are broad conclusions that Allstar

---

[2] *See Westbrook v. NASA Federal Credit Union, et al.*, U.S.D.C. Northern District of Alabama, Civil Action No. 3:17-CV-00534-AKK, Memorandum Opinion and Order on Motion to Dismiss. Attached as Exhibit 1.

5

#151678106_v3

acted "with reckless disregard" and "knew, or should have known" that Plaintiff would be injured. (Doc. 4, ¶¶ 23-24). There is no reasoning or information as to how. (*See generally,* Doc. 4). Because there has been no pleading of injury beyond a "the-defendant-unlawfully-harmed-me" accusation, Plaintiff's claim for wantonness must be dismissed. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### 3.   Count Five – Invasion of Privacy Claim

Plaintiff's claim for invasion of privacy must also be dismissed because, among other reasons, the FDCPA does not create a cause of action for invasion of privacy. *See Bandy v. Midland Funding, LLC*, 2013 WL 210730, *10 (S.D. Ala. Jan. 18, 2013) (in connection with an FDCPA claim, the court found, "Neither of these provisions creates a cause of action for invasion of privacy, and Bandy has given the Court no other reason to believe that she is entitled to assert such a claim pursuant to federal law.").

Further, and to the extent that Plaintiff intended to plead his privacy claim under state law, he has failed to plead facts sufficient to support his claim for relief. Under Alabama law, "[t]he tort of invasion of the right of privacy, insofar as it applies to a creditor and a debtor, is 'the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities.'" *Black v. Aegis Consumer Funding Grp., Inc.*, No. CIV. A. 99-0412-P-S, 2001 WL 228062, at *4 (S.D. Ala. Feb. 8,

2001) (citing *Jacksonville State Bank v. Barnwell*, 481 So. 2d 863, 865 (1985); *Liberty Loan Corp. v. Mizell,* 410 So. 2d 45, 47 (1982); *Norris v. Moskin Stores, Inc.*, 132 So. 2d 321, 323-25 (1961)). However, not every effort by a creditor to collect a debt rises to the level of a wrongful intrusion. *Mizell*, 410 So. 2d at 47; *Norris*, 132 So. 2d at 323 ("The mere effort of a creditor . . . to collect a debt cannot without more be considered a wrongful and actionable intrusion"). It is only "where the creditor takes actions which exceed the bounds of reasonableness" that "the debtor has an action against the creditor for injuries suffered." *Barnwell*, 481 So. 2d at 865-66.

Plaintiff has failed to sufficiently plead that Allstar's conduct "exceeded the bounds of reasonableness" so as to "outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities." In order to meet this high bar, courts have required actions like a "systematic campaign of harassment." *Norris*, 132 So. 2d at 323-24; *see also Barnwell*, 481 So. 2d at 866; *Black*, 2001 WL 228062, at *6. And while certain interactions may be "impolite, ill-advised and inappropriate" they may not always rise "to the level of an intentional interference with any plaintiff's solitude and seclusion." *See Sparks v. Phillips & Cohen Assocs., Ltd.,* 641 F. Supp. 2d 1234, 1253 (S.D. Ala. 2008); *see also Shuler v. Ingram & Assocs.,* 710 F. Supp. 2d 1213, 1227 (N.D. Ala. 2010), aff'd, 441 F. App'x 712 (11th

Cir. 2011) (holding single allegedly "abusive and invasive" interaction was not invasion of privacy).

Here, the only conduct Plaintiff alleges is that Allstar attempted to repossess the Vehicle, and that an Allstar employee "refused to take the Vehicle off the truck until Plaintiff executed certain documents." (Doc. 4, ¶ 15). Plaintiff has not pleaded any factual allegations so outrageous as to cause mental suffering, shame, or humiliation to a person of ordinary sensibilities. For these reasons, Allstar's motion to dismiss Plaintiff's claim for invasion of privacy must be granted.

## V.  CONCLUSION

Based on the foregoing, Defendant Allstar Recovery, LLC respectfully requests that the Court grant its Motion to Dismiss pursuant to Rule 12(b)(6) and dismiss Plaintiff Joseph Messina's claims with prejudice.

Dated: October 21, 2021    Respectfully submitted,

HOLLAND & KNIGHT LLP

*/s/ Martin E. Burke*
Martin E. Burke
State Bar No. ASB-1039-K72M
100 North Tampa Street, Suite 4100
Tampa, FL 33602
813-227-6704  (Telephone)
813-229-0134 (Facsimile)
Martin.Burke@hklaw.com
ATTORNEY FOR DEFENDANT

#151678106_v3

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served by the Court's CM/ECF system to all counsel of record on this 21st day of October, 2021.

>*/s/ Martin E. Burke*
>Martin E. Burke

#151678106_v3