FILED
2021 Nov-15  PM 03:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOSEPH MESSINA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **2:21-CV-01170-AMM** |
| | ) | |
| **TITLEMAX OF ALABAMA, INC.;** | ) | |
| **MVCONNECT, LLC;** | ) | |
| **ALLSTAR RECOVERY, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT TITLEMAX OF ALABAMA, INC.'S, DEFENDANT MVCONNECT, LLC'S, AND DEFENDANT ALLSTAR RECOVERY, LLC'S MOTIONS TO DISMISS

---

**COMES NOW**, the Plaintiff Joseph Messina, (hereinafter "Plaintiff") and responds in opposition to the Motions to Dismiss filed by TitleMax of Alabama, Inc. ("TitleMax"), MVConnect, LLC ("MVConnect"), and Allstar Recovery, LLC ("Allstar Recovery") as follows:

### INTRODUCTION

Plaintiff's claims arise out of the Defendants' taking of the Plaintiff's 2000 Jeep Cherokee ("Vehicle") on July 31, 2021.  As the First Amended

Complaint details, Plaintiff had a clear title to the Vehicle and the Vehicle was not encumbered with any security interest.  However, on the morning of July 31, 2021, Plaintiff woke up and Vehicle was gone.  Plaintiff called the Birmingham Police Department and after an investigation, it was determined that the Defendants had taken the Vehicle based on an alleged security interest it had with a previous owner.  The Vehicle was returned on August 2, 2021.

Based on the police investigation, Plaintiff learned that Defendant TitleMax was the party that initiated the repossession.  As an industry standard practice, it contacted with a national repossession company, MVTrac, to facilitate the repossession.  In turn, Defendant MVTrac contracted with a local repossession company, Defendant Allstar Recovery to physically take the Vehicle.

At this time, Plaintiff does not have knowledge of the internal communications between the Defendants and therefore cannot plead in more detail what went wrong that led to the improper taking of this Vehicle.

Plaintiff moves this Court to deny Defendants' Motions to Dismiss and allow his claims to proceed, or in the alternative, the ability to amend the Complaint once it is determined in more detail what went wrong.

## STANDARD OF REVIEW

A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984); see also *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) ("We may not . . . [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief.") (citation omitted). The court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party. *Hishon*, 467 U.S. at 73. Furthermore, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).

## ARGUMENT

### I.     Negligence

All three Defendants move for the dismissal of Plaintiff's negligence claim and make the same arguments of a lack of legal duty, how that duty was actually breached, and how the alleged acts of the Defendants were the proximate cause of Plaintiff's injury.

First, it is established that negligence claims are available in repossession related cases.  *See Yeldell v. Wells Fargo Bank, N.A.*, No. 2:09-cv-01584-JEO, 2011 U.S. Dist. LEXIS 171059 (N.D. Ala. Mar. 2, 2011). The difference here, which should make the conduct more egregious, is that the Plaintiff does not have a security interest relationship with Defendants. It should be noted that Alabama Uniform Commercial Code specifically creates legal duties on how secured parties should conduct self-help non-judicial repossessions.  Ala. Code § 7-9A-101 *et seq*.  However, since Plaintiff is not the "debtor," he has not brought claims in violation of the UCC.

The most instructive guidance on negligence in this non-debtor scenario is *Raley v. Bank of Am.*, N.A., No. 2:14-CV-857-WMA, 2014 U.S. Dist. LEXIS 164873, 114 A.F.T.R.2d (RIA) 2014-6764 (N.D. Ala. Nov. 25, 2014).  In *Raley*, the plaintiff alleged the defendant bank improperly attempted to collect a debt he did not owe.  Thus, similar to this case, the defendant bank made an argument that there was no legal duty.  The Court explained:

> In general, 'every person owes every other person a duty imposed by law to be careful not to hurt him.'" *Smitherman v. McCafferty*, 622 So. 2d 322, 324 (Ala. 1993) (quoting *Southeastern Greyhound Lines v. Callahan*, 244 Ala. 449, 13 So. 2d 660, 663 (Ala. 1943)).  "To determine whether a [specific] duty existed, this court should consider a number of

factors, including public policy, social considerations, and whether the injury was foreseeable to [the Bank]." *Carrio v. Denson*, 689 So. 2d 121, 124 (Ala. Civ. App. 1996). "The key factor is whether the injury was foreseeable by the defendant." *Smitherman*, 622 So. 2d at 324.

*Id.*

Plaintiff alleges Defendants had a legal duty to implement reasonable procedures to make sure that cars not encumbered by a valid security interest were not mistakenly or wrongfully repossessed. The key factor of foreseeable harm is clear here in that Defendants' taking the Vehicle without a right to do so would result in Plaintiff's lack of use of the Vehicle among other harms.  It is also foreseeable that Plaintiff would miss work due to not having the Vehicle. Therefore, Plaintiff has properly pled a legal duty exists.  Similarly, Plaintiff has alleged Defendants breached the duty taking the Vehicle and alleged damages that he was deprived of the Vehicle, missed work, suffered embarrassment, shame, anxiety, metal distress, and other physical and mental damages.  Doc. 4, ¶¶ 21-22.

Overall, Plaintiff has properly alleged a negligence claim in that alleged a legal duty exists, that duty was breached, and damages resulted from that breach.  *See, e.g., Goodwyn v. Capital One, N.A.*, 127 F. Supp. 3d 1367 (M.D. Ga. 2015)("Given that Goodwyn did not

owe the debt and yet Defendants pursued collection of it, including the repossession of the car, a reasonable jury could conclude that Defendant Capital One breached its contract with Goodwyn and converted her property. A reasonable juror could also find that both Capital One and United Recovery are liable for negligence. Defendants' summary judgment motions as to these claims are thus denied.").

## II.    Wantonness

Similar to the negligence claim, all three Defendants raise the same arguments as to how Plaintiff has not pled a viable wantonness claim. "Wanton" conduct is defined as existing where a defendant "consciously acts or fails to act with a reckless or conscious disregard of the rights or safety of others, and [the defendant] is aware that harm will likely or probably result. *Champion v. Glob. Credit Card Servs.*, No. 2:12-CV-01966-S, 2012 U.S. Dist. LEXIS 114874 (N.D. Ala. Aug. 15, 2012). Plaintiff has alleged that the Vehicle was unencumbered by any security interest but the Defendants took the Vehicle anyway. Doc. 4, Doc. 4, ¶¶ 8-10. Without the benefit of discovery, Plaintiff does not know the interworking of the Defendants' relationship or where the bad actions happened. Only the Defendants possess that information and have not yet shared it. Therefore, it is

impossible to plead additional facts over and above those already pled without guessing or conjecture.  Plaintiff goes on to allege the Defendants acted with reckless disregard of the natural or probable consequences of its actions, acted in a manner that resulted in the unlawful repossession of the Vehicle and that Defendants knew, or should have known, that their actions would likely or probably result in injuries such as those sustained by Plaintiff.  Id., ¶¶ 23-24.

Finally, Plaintiff alleged that as proximate cause of Defendants' wantonness, the Plaintiff was deprived of the Vehicle, missed work, suffered embarrassment, shame, anxiety, metal distress, and other physical and mental damages.  Id., ¶¶ 25.  These facts are sufficient to plead to a wantonness claim.  *See Gamble v. Midland Funding LLC*, No. 2:12-cv-04186-AKK, 2013 U.S. Dist. LEXIS 31294 (N.D. Ala. Mar. 7, 2013)("Gamble alleged that, among other things, Midland wantonly made false statements and attempted to harass Gamble into paying a debt Midland knew he did not owe. See doc. 1. Accordingly, the court finds that Gamble alleged sufficient facts to state a claim for wantonness and DENIES Midland's motion.");  *Kamps v. Midland Funding, LLC*, No. 2:12-cv-3799-KOB, 2013 U.S. Dist. LEXIS 22054 (N.D. Ala. Feb. 19, 2013)("Mr. Kamps alleges that Midland knew he did not owe the debt at issue and still pursued

the collection action and reported the debt, negatively affecting his credit. This allegation is sufficient to state a claim against Midland because the probable result of Midland's intentional conduct was injury to Mr. Kamps."). *See also Raley*, 2014 U.S. Dist. LEXIS 164873 at 10.  Finally, although Plaintiff has pled several types of damages, Alabama courts have acknowledged that damages for emotional distress or mental anguish alone may be recoverable for wantonness.  *Lindsey v. NCO Fin. Sys., Inc.*, No. 2:11-cv-03183-WMA, 2012 U.S. Dist. LEXIS 129866 (N.D. Ala. Sep. 12, 2012).

## III.   Conversion

Defendant TitleMax and Defendant MVConnect move to dismiss Plaintiff's conversion claim.  Generally, a repossession when the creditor had no right to repossess is a conversion.  *See Chrysler Credit Corp. v. Turner*, 553 So. 2d 64 (Ala. 1989).  To establish conversion, there must be a wrongful taking or a wrongful detention or interference, an illegal assumption of ownership, or an illegal use or misuse of another's property. *Covington v. Exxon Co. U.S.A.*, 551 So. 2d 935, 938 (Ala. 1989).  The intent required is not necessarily a matter of conscious wrongdoing. It is rather an intent to exercise a dominion or control over the goods [of the plaintiff] which is in fact inconsistent with the plaintiff's rights.  *Johnson v.*

*Northpointe Apartments*, 744 So. 2d 899, 904 (Ala. 1999). Plaintiff has alleged that these Defendants, along with Defendant Allstar Recovery, exercised dominion or control over the property in an unlawful manner by taking the Vehicle when they had no right to the Vehicle.

Plaintiff's alleged damages are also available under a conversion claim. "The conversion committed in known violation of the law and of plaintiffs' rights is itself legal insult, contumely, or malice sufficient to justify an award of punitive damages." *Id.* Mental anguish damages and punitive damages are available under conversion claims. *Farmers & Merchs. Bank v. Hancock*, 506 So. 2d 305 (Ala. 1987); *See also Warren v. Ford Motor Credit Co.*, 693 F.2d 1373 (11th Cir. 1982)

## IV.   FDCPA

Defendant MVTrac moves to dismiss Plaintiff's FDCPA claim by claiming it is not a "debt collector" under the FDCPA. The FDCPA explicitly provides that "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests" may be held liable under § 1692f(6) of the FDCPA. *See* 15 U.S.C. § 1692a(6). Defendant MVTrac's lead descrption on its website is, "VEHICLE RECOVERY DONE RIGHT Full service recovery operation connecting lenders and repossession agents

to facilitate quicker and more compliant recoveries."  MVTrac,

https://mvtrac.com/ (last visited November 15, 2021).  Courts have

consistently held that the national repossession company, or the "middle

man" is a debt collector under the FDCPA.  *Buzzell v. Citizens Auto. Fin.,*

*Inc.*, 802 F. Supp. 2d 1014 (D. Minn. 2011)("In this Court's view, the

FDCPA also applies to Remarketing as well even though Remarketing is a

"middle man" between the creditor and the repossession company. The

FDCPA explicitly provides that "any person who uses any instrumentality of

interstate commerce or the mails in any business the principal purpose of

which is the enforcement of security interests" may be held liable under §

1692f(6) of the FDCPA. See 15 U.S.C. § 1692a(6). This encompasses

Remarketing just as it does repossession companies.");  *Clark v. Par, Inc.*,

No. CV-15-02322-MWF (FFMx), 2015 U.S. Dist. LEXIS 198216 (C.D. Cal.

July 22, 2015)(The Court rejected an argument that because the defendant

considered itself a repossession "forwarder," and thus one step removed

from the actual repossession that is outside the statutory definition).

## V.     Invasion of Privacy

Plaintiff voluntarily dismisses his Invasion of Privacy claim.

## <u>CONCLUSION</u>

Defendants' Motions to Dismiss are due to be denied in all remaining respects.  Plaintiff has viable claims against the Defendants for negligence, wantonness, conversion, and the FDCPA.  Plaintiff suffered and sufficiently plead compensable damage under his claims.  Therefore, Plaintiff moves this Honorable Court to deny the Defendants' Motion to Dismiss, or in the alternative, allow Plaintiff to amend his Complaint in more detail once more information is discovered on what went wrong between the Defendants which resulted in the Plaintiff's Vehicle being taken.


/s/ John C. Hubbard
John C. Hubbard
Attorney for Plaintiff

**OF COUNSEL:**
John C. Hubbard LLC
PO Box 953
Birmingham, AL 35203
(205) 378-8121

### CERTIFICATE OF SERVICE

I hereby certify that on this the 15th day of November 2021, I have filed this foregoing via the CM/ECF filing system, which will notify the following:

Martin E. Burke, Esq.
HOLLAND & KNIGHT LLP
100 North Tampa Street, Suite 4100
Tampa, FL 33602

/s/ John C. Hubbard